UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT ROLSTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TENNESSEE GOVERNMENT, et al., <br><br> Defendants. | Case No. 3:18-cv-00656 <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Eli J. Richardson, District Judge

### REPORT AND RECOMMENDATION

At the center of this action is pro se plaintiffs Robert Rolston and Catherine R. Dunlap-Rolston's request that the Court overturn Dunlap-Rolston's January 30, 2006 state-court misdemeanor conviction. On November 27, 2018, the Court ordered the Rolstons to show cause why this lawsuit should not be dismissed for lack of subject-matter jurisdiction because the parties are not diverse and the Rolstons' request for relief does not clearly arise under federal law. Although the Rolstons have filed various documents in response to the Court's show-cause order, they have not carried their burden to establish jurisdiction. Accordingly, the Magistrate Judge will recommend that this action be dismissed without prejudice for lack of subject-matter jurisdiction and that the defendants' pending motions to dismiss (Doc. Nos. 7, 22, 36, 39, 41, 43, 45, 58) be denied as moot.

### I. Factual and Procedural Background

The factual context for this action is set out in detail in the Court's November 27, 2018 order (Doc. No. 47) and will be summarized only briefly here.[1] On January 30, 2006, on the advice of counsel, Dunlap-Rolston pleaded guilty to misdemeanor assault in the General Sessions Court for Davidson County, Tennessee, based on the charge that Dunlap-Rolston had threatened her neighbor, Defendant Ashley N. Duvall. with a baseball bat. (Doc. No. 16, PageID# 927, 934, 940.) Dunlap-Rolston was sentenced to eleven months and twenty-nine days of probation. (*Id.* at PageID# 940.) Dunlap-Rolston has unsuccessfully challenged her conviction and sentence in multiple forums, including the Board of Professional Responsibility of the Supreme Court of Tennessee, the Criminal Court for Davidson County, and, now, this Court.[2] (Doc. No. 47.)

In their amended complaint, the Rolstons allege that Dunlap-Rolston's assault conviction is invalid because Dunlap-Rolston was arrested on a warrant that was intended for their neighbor, Defendant Danny Duvall, and related to a complaint of domestic violence. (Doc. No. 16, PageID# 922.) The Rolstons ask the Court to "set aside [Dunlap-Rolston's] unjust sentence." (*Id.* at PageID# 940.) They also ask for $3,000.00 for the cost of a fence separating their property from the Duvalls that Mr. Duvall allegedly "destroyed out of anger." (*Id.* at Page# 945.) The amended complaint names as defendants the Duvalls; the lawyer who represented the Duvalls in a state-court civil proceeding relating to the fence; the lawyers who represented Dunlap-Rolston during

---

[1] Although the Rolstons take issue with the detailed factual summary that the Court provided in its November 27, 2018 order, none of their proposed corrections to that summary (Doc. No. 65) is relevant to the Court's jurisdictional analysis.

[2] This is the second lawsuit Dunlap-Rolston has filed in this Court. In the first, she also sought an order overturning her conviction. *See* Complaint, *Rolston v. Duvall*, No. 3:07-cv-01170 (M.D. Tenn. Nov. 29, 2007), ECF No. 1. Dunlap-Rolston voluntarily dismissed that action. Order, *Rolston v. Duvall*, No. 3:07-cv-01170 (M.D. Tenn. Jan. 17, 2008), ECF No. 11.

her prosecution and state-court post-conviction proceedings; and various governmental officials and entities, all of whom were allegedly involved in Dunlap-Rolston's prosecution or impeded her efforts to overturn her conviction. Many of those defendants have filed motions to dismiss.[3] (Doc. Nos. 7, 22, 36, 39, 41, 43, 45, 58.)

On November 27, 2018, the Court entered a show-cause order regarding subject-matter jurisdiction. (Doc. No. 48.) The Court found that it lacked diversity jurisdiction and that the Rolstons' claim for $3,000.00 to replace the fence that Mr. Duvall allegedly destroyed did not clearly arise under federal law. (*Id.*) The Court also noted that, although a person in state custody may challenge her conviction or sentence through a petition for a writ of habeas corpus under 28 U.S.C. § 2254, the Rolstons had not invoked that statute, and, in any event, there was no indication that Dunlap-Rolston was in custody as required by that statute when she filed her complaint. (*Id.*) The Court ordered the Rolstons to show that the Court has jurisdiction over their claims by December 18, 2018. (*Id.*)

The Rolstons filed numerous documents in response to the Court's order. The Rolstons clarify that they are pursuing claims under 42 U.S.C. § 1985, rather than under 42 U.S.C. § 1983. (Doc. No. 70.) They also confirm that they are asking this Court to set aside Dunlap-Rolston's misdemeanor conviction of assault. (Doc. No. 68.) And they offer a host of possible grounds for federal jurisdiction. (Doc. Nos. 61–66, 68–70, 73–75.) In one filing, the Rolstons attempt to invoke the Court's diversity jurisdiction, alleging that three of the many defendants to their claims no

---

[3] The Rolstons have not filed proper proof of service for the following defendants, none of whom has appeared in this action: the Metropolitan Government of Nashville and Davidson County, Judge Dianne Turner, the Duvalls, Tracey Robinson-Coffee, Angelita Blackshear Dalton, Tammy D. Wendt, and Commissioner Carolyn Piphus.

longer reside in Tennessee.[4] (Doc. No. 70.) In other filings, the Rolstons offer multiple potential bases for federal-question jurisdiction, citing violations of their federal constitutional rights, various federal criminal statutes, and the Federal Rules of Criminal Procedure. (Doc. Nos. 61–63, 65, 66.) The Rolstons also suggest that the Court has jurisdiction over their claims under 28 U.S.C. §§ 1254 and 1257, which govern the Supreme Court's review of decisions of the federal courts of appeals and state courts of last resort. (Doc. No. 64.) They also ask the Court to set aside the judgment "for Case 4405" (*id.*), which appears to be related to Dunlap-Rolston's unsuccessful efforts in state court to overturn and expunge her conviction. (Doc. Nos. 12, 16.)

## II.     Legal Standard

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution [and] the Laws of the United States," and several other categories of cases not at issue here.[5] U.S. Const. art. III, § 2, cl. 1. Congress has also granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332.

---

[4]     Specifically, the Rolstons allege that Defendant Christopher Sharpe, a former employee of the Davidson County court system, now works in California; that Defendant Tracey Robinson-Coffee, who represented Dunlap-Rolston in her criminal prosecution, now lives in Florida; and that Defendant Tammy Wendt, who represented the Duvalls in the civil proceeding regarding the destroyed fence, lives in Michigan.

[5]     For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

Whether the Court has federal-question or diversity jurisdiction over this action is a "threshold" question, *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007), and one that the Court must raise on its own if the parties do not, *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). In a sua sponte analysis of whether there is subject-matter jurisdiction, "the court may inquire by affidavits or otherwise, into the facts as they exist." *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947). The party asserting jurisdiction bears the burden of establishing it. *Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 820 (M.D. Tenn. 2018).

**III.     Analysis**

The Rolstons have failed to establish that the Court has subject-matter jurisdiction over this action. As explained below, the Court lacks diversity jurisdiction, and the Rolstons have not shown that the amended complaint presents a federal question. To the extent that the Rolstons have asserted claims under state law, those claims are better pursued in state court.

**A.     Diversity Jurisdiction**

Federal courts have diversity jurisdiction over any civil action "between . . . citizens of different States" in which the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted the "statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)); *see also Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) ("It is well settled that as a matter of statutory

5
Case 3:18-cv-00656    Document 76    Filed 06/05/19    Page 5 of 11 PageID #: 1397

construction, diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side."). Even if it is true, as the Rolstons state, that Defendants Sharpe, Robinson-Coffee, and Wendt are not residents of Tennessee—and are therefore diverse from the Rolstons, who are—there are twenty-three other defendants in this action. The Rolstons have not alleged that those defendants are domiciled outside of Tennessee and the fact that all of the events giving rise to this action occurred in Tennessee suggests the contrary conclusion. Because the Rolstons have failed to show complete diversity of the parties, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332.

### B. Federal-Question Jurisdiction

To determine whether federal-question jurisdiction exists, courts ask whether "'a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hudgins Moving & Storage Co. v. Am. Express Co.*, 292 F. Supp. 2d 991, 1002 (M.D. Tenn. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). This "well-pleaded complaint" rule focuses on the plaintiff's allegations, but also "allows a court to look past the words of a complaint to determine whether the allegations, no matter how the plaintiff casts them, ultimately involve a federal question." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008).

The heart of Rolstons' action is a claim for habeas relief—namely, to invalidate Dunlap-Rolston's misdemeanor assault conviction—that this Court lacks jurisdiction to grant. Under 28 U.S.C. § 2254, the Court may "entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that [she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "This language is jurisdictional: if a petitioner is not 'in custody' when she files her petition, courts may not consider it." *Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018).

The Sixth Circuit has held that a petitioner who is serving a sentence of probation at the time the petition is filed is "in custody" for habeas purposes. *Lawrence v. 48th Dist. Court*, 560 F.3d 475, 480–81 (6th Cir. 2009) (collecting cases for the proposition that "[p]robation's restraints on liberty suffice to satisfy the 'in custody' requirement"). However, by the time the Rolstons filed this action, Dunlap-Rolston had finished serving the eleven-month and twenty-nine-day probation sentence resulting from her 2006 misdemeanor assault conviction and paid all related fees and court costs.[6] Because the Rolstons have not shown that Dunlap-Rolston was in custody when the Rolstons filed this action in July 2018, the Court lacks jurisdiction under § 2254 to consider a habeas challenge to Dunlap-Rolston's conviction.[7]

The Court also lacks jurisdiction to set aside the judgment in "Case 4405," as the Rolstons request. (Doc. No. 68.) The nature of that judgment is not clear from the Rolstons' filings; however, it appears to be related either to Dunlap-Rolston's unsuccessful petitions for post-conviction relief or her unsuccessful attempt to expunge her misdemeanor assault conviction.[8] For

---

[6] A document the Rolstons appended to their original complaint shows that, as of August 26, 2015, the case relating to her misdemeanor assault conviction was closed and Dunlap-Rolston had served the eleven months and twenty-nine days of probation to which she was sentenced and paid all court costs and fines. (Doc. No. 1-1, PageID# 199.) According to the Rolstons, the last time they paid fees stemming from Dunlap-Rolston's conviction was in February 2007. (Doc. No. 63.)

[7] Rolston also lacks standing to pursue habeas relief on behalf of Dunlap-Rolston.

[8] Dunlap-Rolston's petitions for post-conviction relief and her petition to expunge her record were filed in case number "4405" (Doc. No. 12, PageID# 893; Doc. No. 16, PageID# 976), which is the case number of Dunlap-Rolston's appeal of her misdemeanor assault conviction (Doc. No. 12, PageID# 893). The Rolstons do not make that connection and, instead, state that Defendant Paul Walwyn, the attorney who represented Dunlap-Rolston in one of her petitions for post-conviction relief and her expungement petition, "file[d] a false drug case against [Dunlap-Rolston] on June 27, 2011." (Doc. No. 68, PageID# 1341.) There is nothing in the record that would support the allegation that Walwyn filed a drug case against Dunlap-Rolston on June 27, 2011; rather, the Rolstons have filed a document showing that Walwyn filed a post-conviction petition on Dunlap-Rolston's behalf in the Criminal Court for Davidson County, Tennessee on that date. (Doc. No. 16, PageID# 976.)

the same reasons, even if this claim were properly pleaded, the Court would have no jurisdiction to consider a § 2254 challenge to Dunlap-Rolston's conviction.

Although the Rolstons frame this action as bringing claims under 42 U.S.C. §§ 1983 and 1985, so construing their claims would implicate a separate jurisdictional bar.[9] "Without the aid of § 2254," any effort to overturn Dunlap-Rolston's conviction "runs headlong into the *Rooker–Feldman* doctrine, which establishes that, except to the extent authorized by § 2254, only the Supreme Court of the United States may set aside a judgment entered by a state court." *Sides v. City of Champaign*, 496 F.3d 820, 824 (7th Cir. 2007); *see also Teichmann v. New York*, 769 F.3d 821, 826 (2d Cir. 2014) (holding that, "[t]o the extent that [plaintiff] only [sought] a declaration that his state conviction [was] invalid, he [sought] nothing more than review of a state court judgment[,]" which was barred by *Rooker-Feldman*). That "doctrine applies not only when a party attempts to expressly appeal a state court decision to a lower federal court, but also whenever the issues raised in the federal action implicate the validity of the state court proceedings." *Gentry v. Tennessee Bd. of Judicial Conduct*, No. 3:17-cv-00020, 2017 WL 6462348, at *4 (M.D. Tenn. Sept. 26, 2017) (citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2007)). The Rolstons allege that the Duvalls, Robinson-Coffee, and several prosecutors conspired to convict Dunlap-Rolston of assault and that Defendant Judge Faimon, who presided over Dunlap-Rolston's sentencing, violated her right to due process. (Doc. Nos. 67, 70, 74.) In effect, the Rolstons argue that Dunlap-Rolston's conviction was "not based upon the law" and was instead the product of a

---

[9] In response to the Court's show-cause order, the Rolstons expressly disclaimed any cause of action under 42 U.S.C. § 1983. (Doc. No. 70.) However, they have also alleged that Defendant Judge Faimon, who presided over Dunlap-Rolston's sentencing, violated her right to due process (Doc. No. 62). Because § 1983 would be the vehicle for the Rolstons to pursue such allegations against Faimon, the following analysis considers the possibility that the Rolstons intended to raise a claim under that statute.

conspiracy to violate her rights. *Gentry*, 2017 WL 6462348, at *4. A ruling in the Rolstons' favor on their civil rights claims would therefore necessarily invalidate Judge Faimon's sentence and would therefore be barred by *Rooker-Feldman*.[10]

Finally, the Rolstons' scattershot references to various federal rules and statutes do not establish federal-question jurisdiction. The Rolstons allege that many of the defendants committed federal crimes including document fraud (8 U.S.C. § 1324c), lying to the federal government (18 U.S.C. § 1001), perjury (18 U.S.C. § 1621), fraud (25 C.F.R. § 11.102), and obstruction of justice (25 C.F.R. § 11.440). (Doc. Nos. 61, 63, 65.) Other referenced crimes have no possible relevance to this case: 25 C.F.R. §§ 11.102 and 11.440 establish crimes that apply to "Indian tribes in those areas of Indian country where tribes retain jurisdiction over Indians that is exclusive of State jurisdiction but where tribal courts have not been established to exercise that jurisdiction." 25 C.F.R. § 11.102. These criminal statutes do not provide a private right of action that the Rolstons could invoke. *Am. Postal Workers Union, AFL-CIO, Detroit Local v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973); *see also Lee v. USAID*, 859 F.3d 74, 77–78 (D.C. Cir. 2017) (no private right of action under 18 U.S.C. § 1001); *Newman v. Caliber Home Loans, Inc.*, No. 16-CV-2053, 2018 WL 3361442, at *2 (S.D. Cal. July 10, 2018) (no private right of action under 8 U.S.C. § 1324c); *Shahin v. Darling*, 606 F. Supp. 2d 525, 533 n.14 (D. Del. 2009) (no private right of action under 18 U.S.C. § 1621). The Rolstons therefore lack standing to assert any violations of

---

[10] Further, construing the Rolstons' claims as arising under § 1983 or § 1985 would require their dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck* the Supreme Court held that a § 1983 claim that would imply the invalidity of a criminal conviction or sentence is only cognizable if the conviction has been invalidated through state or federal habeas or an executive order. 512 U.S. at 486–87. The Sixth Circuit has applied the same restriction to claims under 42 U.S.C. § 1985. *Lanier v. Bryant*, 332 F.3d 999, 1005–06 (6th Cir. 2003). As just discussed, the Rolstons argue that Dunlap-Rolston's conviction is invalid due to violations of her constitutional rights and therefore their claims under § 1983 and § 1985 would be barred by *Heck*.

these statutes. *See Nails v. King*, No. 15-13218, 2015 WL 5590742, at *2 (E.D. Mich. Sept. 23, 2015) (collecting cases for the proposition that plaintiff had "no standing to commence a criminal action in federal court" and dismissing case for lack of subject-matter jurisdiction).

The Rolstons' effort to establish subject-matter jurisdiction through 28 U.S.C. §§ 1254 and 1257 and the Federal Rules of Criminal Procedure is likewise unavailing. Neither § 1254 nor § 1257 has any relevance to this case: the former provides the methods by which the Supreme Court can review cases in the federal courts of appeals and the latter governs Supreme Court review of decisions of the highest court of each state. 28 U.S.C. §§ 1254, 1257. Similarly, the Federal Rules of Criminal Procedure have no applicability to this action, which involves a prosecution that took place in state rather than federal court. *See* Fed. R. Crim. P. 1(a)(1) ("[The Federal Rules of Criminal Procedure] govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States").

The Rolstons have failed to establish that the Court has federal-question jurisdiction over this action.

### C. Supplemental Jurisdiction

28 U.S.C. § 1367 provides a district court discretion to decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). In exercising that discretion, courts "consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). When all federal claims have been dismissed before trial, these factors usually weigh in favor of also dismissing the state law claims. *Id.* at 952 (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)). The Rolstons have not shown that the Court has original jurisdiction over any of their claims. To the

extent that the Rolstons have raised claims under state law—their response to the Court's show-cause order references various Tennessee rules and statutes—the relevant factors weigh in favor of dismissal without prejudice so that those claims can be pursued in state court.

**IV.     Recommendation**

For the foregoing reasons the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction and that the defendants' motions to dismiss (Doc. Nos. 7, 22, 36, 39, 41, 43, 45, 58) be DENIED AS MOOT.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 5th day of June, 2019.

                                                                        /s/ Alistair Newbern
                                                                        ALISTAIR E. NEWBERN
                                                                        United States Magistrate Judge