IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT ROLSTON and CATHERINE R. )
DUNLAP-ROLSTON, )
 )
    Plaintiffs, )
 )    NO. 3:18-cv-00656
v. )    JUDGE RICHARDSON
 )
METROPOLITAN GOVERNMENT OF )
NASHVILLE and DAVIDSON COUNTY, )
et al., )
 )
    Defendants. )

# ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 76) and an Objection filed by Plaintiffs (Docket No. 79).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. As explained by one court within this circuit:

> De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. The Court may supplement the record by entertaining additional evidence, but is not required to do so. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation.

*Shoucair v. Snacker*, No. CIV.05-40341, 2006 WL 2604678, at *1 (E.D. Mich. Sept. 6, 2006) (citations omitted). As in *Shoucair,* "[t]he Court has reviewed the Plaintiff[s'] complaint, the Magistrate Judge's Report and Recommendations, and the Plaintiff[s'] objections. Having conducted this review under the de novo standard for the portions of the Report and Recommendations objected to . . . the Court concludes that the Magistrate Judge's reasoning and conclusions are sound." *Id.* at *2. That is, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objection, and the file; based on that review, the Objection of the Plaintiffs is overruled, and the Report and Recommendation is adopted and approved.

Plaintiffs have failed to show that this Court has diversity jurisdiction in this case. Although Plaintiffs argue that three of the Defendants live outside Tennessee, Plaintiffs and Defendant Metropolitan Government of Nashville and Davidson County are clearly both citizens of the State of Tennessee—circumstances that destroys complete diversity. Moreover, Plaintiffs have not identified the citizenship of the other Defendants.

Plaintiffs do not raise any objection to the Report and Recommendation's suggestion that the Court has no subject-matter jurisdiction other than simply to state "It have the Federal Question." For the reasons stated in the Report and Recommendation, the Court finds that it has no subject-matter jurisdiction in this case and declines to exercise supplemental jurisdiction over any state law claims.

Accordingly, this action is **DISMISSED** for lack of jurisdiction, and all pending motions are **DENIED** as moot. The Clerk is directed to close the file. This Order shall constitute final judgment for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE